NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0514n.06

Case No. 22-5110

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
|  | ) | Dec 12, 2022 |
| Plaintiff-Appellant, | ) | DEBORAH S. HUNT, Clerk |
|  | ) |  |
|  | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
|  | ) | THE WESTERN DISTRICT OF |
| DEVIN BAKER, | ) | TENNESSEE |
|  | ) |  |
| Defendant-Appellee. | ) |  |
|  | ) |  |

Before: MOORE, STRANCH, and MURPHY, Circuit Judges.

MURPHY, J., delivered the opinion of the court, in which MOORE and STRANCH, JJ., joined. MOORE, J. (pp. 5–6), delivered a separate concurring opinion, in which STRANCH, J., joined.

MURPHY, Circuit Judge. The U.S. Sentencing Guidelines significantly increase the recommended sentencing range for a defendant who qualifies as a "career offender" under U.S.S.G. § 4B1.1. Section 4B1.1 treats a defendant as a career offender if, among other things, the defendant has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." *Id.* § 4B1.1(a)(3). A nearby section defines "controlled substance offense" to include a felony "offense under federal or state law" that bars "the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." *Id.* § 4B1.2(b). Like our recent decision in *United States v. Clark*, 46 F.4th 404 (6th Cir. 2022), this case concerns a question about the meaning of the phrase "controlled substance" in this definition. What happens

if a substance qualified as a "controlled substance" when a defendant committed a prior drug offense, but federal and state law have changed to remove this substance from their controlled-substance schedules? To determine whether this substance qualifies as a "controlled substance" for purposes of the career-offender enhancement, should a court look to the list of controlled substances at the time of the defendant's *past conviction* or at the time of the defendant's *current sentencing*? *See id.* at 406–08. In *Clark*, we "adopt[ed] a time-of-conviction rule." *Id.* at 408. Because *Clark* binds us here, we must reverse the district court's judgment and remand for resentencing.

In 2020, Devin Baker agreed to plead guilty to one count of possessing with the intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and a second count of possessing a firearm in furtherance of this drug-trafficking crime in violation of 18 U.S.C. § 924(c). When determining Baker's guidelines range, his presentence report recommended that he qualified as a career offender because of two prior Tennessee convictions. The report treated one of those crimes—a 2012 conviction for possession with the intent to sell marijuana—as a "controlled substance offense" under § 4B1.2(b)'s definition. In 2012, federal and Tennessee law included hemp within their definitions of the "marijuana" that counted as a controlled substance. Since then, however, the federal and state drug schedules have removed hemp from these definitions. *See Clark*, 46 F.4th at 407; 21 U.S.C. § 802(16)(B); Tenn. Code. Ann. § 39-17-402(16)(C).

Baker objected to his classification as a career offender, arguing that the district court should not treat his 2012 conviction as a "controlled substance offense." Baker reasoned that the court must assume that this prior offense involved the "possession of hemp," which qualified as the "least culpable conduct" under the so-called "categorical approach" that courts must apply in this context. *Id.* at 407–08 (citation omitted). He next argued that the court must look to the

2

*current* drug schedules at the time of his sentencing—not to the *older* drug schedules at the time of this 2012 conviction—to determine whether this hemp offense counted as a controlled substance offense. The district court agreed. It held that Baker's marijuana conviction did not qualify as a "controlled substance offense" under the career-offender enhancement because the offense could have involved only hemp—a substance that no longer qualified as a "controlled substance" at the time of Baker's sentencing. This interpretation of the guidelines had a substantial effect on Baker's guidelines range. Using the career-offender enhancement, the presentence report had calculated Baker's guidelines range as between 262 and 327 months' imprisonment. Without that enhancement, Baker's guidelines range became 37 to 46 months' imprisonment on his first count, with a consecutive 60-month mandatory-minimum sentence on his second count. The court chose a sentence of 100 months.

The government appealed. In the meantime, we decided *Clark*. That decision reached the opposite interpretation of the controlled-substance-offense definition. It rejected the defendant's proposed "time-of-sentencing rule" in favor of a "time-of-conviction rule." *Clark*, 46 F.4th at 408. Specifically, *Clark* held that courts must define the term "controlled substance offense" by looking at the drug schedules in effect at the time of a defendant's prior conviction. *Id.*

Our opinion there controls here. Indeed, Baker has made no attempt to distinguish *Clark*. That case, like this one, addressed prior marijuana convictions under Tennessee law. *Id.* at 407. And that case, like this one, addressed the same change (the removal of "hemp") to the same marijuana definitions in the federal and state drug schedules. *Id.* *Clark* thus compels us to apply the same legal rule: the time-of-conviction rule. *See id.* at 415; *see also United States v. Edmonds*, 2022 WL 3867560, at \*2 (6th Cir. Aug. 30, 2022).

3

Applying that rule, Baker's 2012 marijuana conviction qualifies as a controlled substance offense under U.S.S.G. § 4B1.1. Even under the categorical approach that requires us to assume that Baker's prior offense was for the possession of hemp, that substance was a "controlled substance" under both federal and state law at the relevant time in 2012. *See Clark*, 46 F.4th at 408. The district court reached the opposite conclusion only by applying the wrong legal rule. Its legal error resulted in a miscalculation of the guidelines range and a procedurally unreasonable sentence. *See United States v. Rayyan*, 885 F.3d 436, 440 (6th Cir. 2018).

We thus vacate the district court's judgment and remand for resentencing.

**KAREN NELSON MOORE, Circuit Judge**, **concurring.** In *United States v. Clark*, 46 F.4th 404 (6th Cir. 2022), a panel of this court decided that whether a prior conviction is for a "controlled substance offense" within the meaning of §§ 4B1.1(a) and 4B1.2(b) of the Sentencing Guidelines must be determined as of the date of a defendant's prior conviction, not as of the date of their federal sentencing, *id.* at 408. As both parties have acknowledged, our recent decision in *Clark* controls here, and therefore I agree that we must vacate the district court's judgment and remand.

In the absence of controlling precedent, I would follow our decision in *Williams v. United States*, 850 F. App'x 393, 401 (6th Cir. 2021), and the decisions of the five other circuits that have determined that the time-of-prior-conviction rule is not appropriate. The First and Ninth Circuits have decided that courts must look to the federal drug schedules as of the date of a defendant's federal sentencing to determine whether a prior conviction is a "controlled substance offense" within the meaning of the Sentencing Guidelines. *United States v. Abdulaziz*, 998 F.3d 519, 531 (1st Cir. 2021); *United States v. Bautista*, 989 F.3d 698, 703 (9th Cir. 2021). The Fourth Circuit has also determined that the time of federal sentencing is the appropriate reference point, in the context of whether a prior conviction is for a "serious drug offense" under the Armed Career Criminal Act (ACCA). *United States v. Hope*, 28 F.4th 487, 504–05 (4th Cir. 2022). Each of these circuits was directly presented with the government's argument that courts ought to look to the drug schedules at the time of the defendant's prior conviction and rejected that approach. *Abdulaziz*, 998 F.3d at 524; *Hope*, 28 F.4th at 504–05; *Bautista*, 989 F.3d at 703. The Third and Eleventh Circuits have decided that at least in the ACCA context, in determining whether a prior conviction counts as a predicate serious drug offense, a sentencing court must look to the drug schedules in effect on the date a defendant committed the federal offense for which they are being

sentenced. *United States v. Brown*, 47 F.4th 147, 153 (3d Cir. 2022); *United States v. Jackson*, 36 F.4th 1294, 1300 (11th Cir. 2022). Only the Eighth Circuit, in a brief and unpublished opinion, *United States v. Jackson*, No. 20-3684, 2022 WL 303231, at \*2 (8th Cir. Feb. 2, 2022), has used *Clark*'s time-of-prior-conviction rule. The collective judgment of other circuits that the time-of-prior-conviction rule is incorrect further convinces me that *Clark* was wrongly decided. Because the *Clark* decision makes the Sixth Circuit an outlier among its sibling circuits, this issue is ripe for en banc review.